Good morning. Good morning. I'm Mark Rasich from Stoll Reeves, amicus curiae for the petitioner, Mr. Siregar. I appear to be the only counsel here, so I guess I'll take the laboring over this morning. We're here on a petition to review the BAI's decision denying a motion to reopen and ask this court to remand for further proceedings on that motion. Briefly, to summarize the facts, Mr. Siregar is an Indonesian. He's lived in the United States for more than 20 years now. He has a wife and three U.S. citizen children, and as I said, they've lived here for approximately 20-odd years. Well, now, on a motion to reopen in this situation, I note that your client is claiming that his changed circumstances are the tsunami and sites back to Krakatoa, but you're not exactly claiming that. You're saying that essentially the BIA didn't listen to everything or that there's a due process situation. Would you concede that your client hasn't shown changed circumstances? No, Your Honor, I would not concede that. I think the issue is whether there was sufficient evidence presented to the BIA for the BIA to reopen and then make a determination as to whether there was changed circumstances warranting a different decision. Well, I guess how could this be changed circumstances in the sense that he alleges a very generalized disaster and not really ñ I mean, there's really nothing specific to your client. And that being the case, if this were changed circumstances, how wouldn't anyone be able to file a motion to reopen? I mean, every day you get up in the morning, there's a disaster. I understand, Your Honor. I'd say the tsunami in this case was out of the ordinary. I mean, there's natural disasters and there's natural disasters. The record that Mr. Surigar provided to the BIA is replete with examples of widespread disaster, lack of public services, lack of health care. But he doesn't personalize it as to him. You know, how would he be persecuted? That's true, Your Honor. He would ñ the lack of care versus the persecution. The persecution piece he also talks about, which is ñ and provides evidence to the record of Muslims, Islamic Muslims and radicals in Indonesia persecuting westernized Indonesians and or Americans. And he expressed his personal belief that he would, in fact, be persecuted if he were there because of his 20 years in the United States. He's basically an American or at least westernized Indonesian. So his fear was specific to himself based upon evidence of those types of persecutions by Islamic fundamentalists in Indonesia. But he relates that back to the 1800s when that happened, right? He does in the brief, Your Honor. But in the evidence submitted along with the brief, there are articles talking about just after the tsunami, Islamic fundamentalists blaming the tsunami on Americans and westernized Indonesians. And then also other articles talking about issues and persecution of, again, Americans and westernized Indonesians. In fact, even in the March 2005 Department of State bulletin, the Department of State issued a travel warning and suggested that the Americans and westerners should not travel to Indonesia because of the damage caused by the tsunami and also because of problems with terrorist activities. Well, what evidence did your client specifically submit to the BIA in support of his alleged fear of retaliation by Islamic extremists against Americanized Indonesians? So from the subjective perspective, he submitted his statement that he feared it. From an objective perspective, he submitted articles from newspapers and news wires and the Department of State bulletin talking about those issues. Do you have any case as a matter of law that would state that that would be sufficient? There are Ninth Circuit cases talking about the fact that an individual does not need to prove a direct threat to the individual in order to obtain asylum, that instead he can prove or establish a threat to a group of which that person is a member. And in this case, Mr. Sirigar has suggested, as presented evidence, suggests he's a westernized Indonesian, or he is one, and submitted evidence that, in fact, in Indonesia, the Islamic fundamentalists are targeting that group for persecution. Now, go ahead. His motion to reopen was for the purpose of applying for cancellation initially? Yes, Your Honor. At the time he moved to reopen, he filed a new application for asylum, and so his motion was based on two grounds. One was asylum based on changed circumstances and fear of persecution, and the other was to reopen the hearing on the cancellation of removal based upon what's happened after the tsunami. But the cancellation, he was denied that on hardship, so that's not reviewable. He was denied, that's right, Your Honor, but I think what his position was is that the tsunami changed, that when he originally moved for cancellation of removal, the basis was his daughter was sick and she can't get the appropriate treatment in Indonesia. That was denied. After it was denied, there's the tsunami, what medical care facilities there were there to begin with, all. But what indication is for her that apparently she had cysts and there was no indication that there had been any problems for five years? That's true, Your Honor. Okay. I did have a question about, as your client did not raise the issue of ineffective assistance of counsel before the BIA, why should we consider that issue now? Your Honor, there was no chance for my client to raise that issue until we were appointed pro bono counsel, and because the same lawyer represented him all throughout the proceedings and even filed the initial brief in this court. Well, then why shouldn't your client be required to file a new motion to reopen on that basis since it was never addressed by the BIA previously? I think that would be okay, Your Honor, if Your Honor decided that was the right course. Well, I'm not sure that's available to him, but I'm fairly sure that it's not available to him here for the first time on appeal. I think this is the only place he could have brought it. By the time he'd gone through the process in the BIA and the IJ and then he filed an appeal here, that was the first time that he became aware or could have become aware of ineffective assistance of counsel and could have done something about it. So the case was already on appeal before he had the opportunity to do anything about his ineffective assistance of counsel. Well, I guess the other part of it, there's always a prong of prejudice, too, if the court did not agree that he could show a likelihood of success, that would present a difficulty, correct? Yes. And illegal. There has to be an error and there has to be some prejudice, and I would suggest that missing the deadline so that he cannot, without some grace from the court, argue his cancellation of removal is, in fact, prejudice because those facts are available to him and should have been available to him and he should have been able to have the opportunity to make that argument. What was the deadline missed on the cancellation ruling? It all should have been the motion or the, I'm sorry, the deadline was April 27th and the filing was May 13th, and there was something in between maybe a week late where there was a filing without a filing fee and then a subsequent filing before the deadline. Before the board, you mean? Before, post the deadline, I'm sorry. Before the board? Which deadline was missed? He missed the deadline for petitioning to reopen, removing to reopen. All right. Did you want to, you don't have much time left, but did you want to reserve? I'll reserve the 30 seconds. On her rebuttal? Thank you. Thank you. Good morning. Good morning. May it please the court, my name is Linda Chang and I represent the Attorney General. This case is based on the denial of an untimely motion to reopen. That is the only decision before this court. Petitioner overstayed his student visa and originally chose to seek cancellation of removal. After a full and fair hearing before an immigration judge, review by the board, and a petition for review before this court, he decided to seek a different form of relief, asylum. Could you raise your voice a little bit? I'm having a little difficulty hearing you, Ms. Chang. Sure. He decided to seek a different form of relief, asylum, in a motion to reopen. But petitioner filed his motion past the 90-day period and the board found no exceptions to his untimeliness. The standard of review here is abuse of discretion. This court must affirm the board's denial of the motion unless its decision was arbitrary, irrational, or manifestly contrary to the statute. Petitioner has failed to show that the board reached its decision in an arbitrary or rational manner. Well, let me, let's just sort of break this down from the, what is your best authority to support the BIA's determination that petitioner's motion to reopen failed to allege changed circumstances? It held that natural disasters and generalized conditions of violence do not qualify an alien for asylum. And it based that on, as his argument for changed circumstances. On which case? On its decision that natural disasters and generalized conditions of violence do not constitute changed circumstances. And what was your citation on that? I don't have a citation for that one. Okay. So no one has any citation for that. We're just deciding that general disasters, if not more specific. You're saying they don't qualify. He's saying they do. That is how it stands right now. Okay. Is it theoretically possible that, I mean, I realize that he didn't deal with ineffective assistance of counsel below, but his claim is obviously that, you know, you can't know what you don't know. And would it be theoretically possible for this individual to bring a motion to reopen now that he knows that there was ineffective, you know, claiming that he knows there was ineffective assistance of counsel? Could he bring that now, another motion to reopen? Theoretically. It is possible. Would he still be here? I mean, would they remove him while his motion was pending? How long would it take the motion to get heard, and what would his status be in the meantime? I can't speculate as to that, but I would believe he needs to file a motion to stay removal as well. That they would rule on it when? That he would need to file a motion to stay removal as well. I'm sorry. I still didn't hear you. That he would need to file a motion to stay his removal. Oh, I see what you mean. Along with his motion to reopen. Correct. And he would be required to make a showing there that not only was his counsel ineffective, but that he was prejudiced by virtue of that. Correct. And the prejudice would be had his counsel filed a motion at a reasonable time, the BIA could have considered what? Do you know? What would be the prejudice? Do you have any idea what that is? I am unsure what petitioner's argument would be for prejudice. Well, I still, you know, I mean, I don't want to tell people how to do their cases, but by the same token it would seem to me the prejudice would be had his counsel filed it at that time, that he would have been able to show that he was entitled to relief. And so you're still required at that time to make a prima facie showing not only that, you know, that you would be entitled to some sort of relief, which is a little bit wound up in this whole ball of wax that we're trying to unwind right now. And your position is that he's not entitled to relief because he didn't show changed circumstances, correct? Correct. What does he have to show to get the board to reopen? His argument, I believe, as I heard it correctly this morning, is that there has to be some lesser showing to trigger a reopening, and then when it's reopened you can go more deeply into the question whether changed circumstances justify asylum, say. What does he have to show to get? At this point, if he files, Your Honor, sorry. Well, to qualify for the exception for changed circumstances, what does he have to show to get the board to reopen? At this point, if he would file another motion to reopen, he would have to overcome the numerical and time bar limitations for motions to reopen, and he would need to show changed circumstances if he wishes to continue with asylum. The specifics of changed circumstances would have to relate back to his country of nationality and if this evidence was material and not available and could not have been discovered at the previous hearing. Did you have anything else? Just in conclusion, the board acted well within its broad discretion when it denied petitioners' untimely motion to reopen, and it found no exception to excuse the untimeliness. Because petitioners failed to show that the board rendered an arbitrary or irrational decision, the government respectfully requests that the court affirm the board's decision and deny the petition for review. Do any panel members have any additional questions? Thank you. Thank you. All right. I'll give you a minute for rebuttal. Your Honor, I asked a question about some cases that would help guide the court in terms of the standards that would be applied on a motion to reopen and whether or not a BAI opinion was sufficient. And I can give you, Your Honor, three. There's one from this court, the Malte decision. It's 381 F. 3rd, 942. And in that case, Your Honor, towards the very end, the court cites evidence that the petitioner in that case had presented that he was a part of a Coptic Christian group that was being persecuted and the court noted that, citing to Huxaw, H-O-X-A-V Ashcroft, 319 F. 3rd, 1179, stated that that case explained that the level of individualized targeting that a petitioner must show is decreased when he is a member of a mistreated group as is surrogate in this case. Two other cases, Your Honor. Franco-Rosendo, another Ninth Circuit case. I'll give you the cite. 454 F. 3rd, 965. In that case, Your Honor, this court concluded that a decision which ignored medical conditions of the petitioner seeking to have their cancellation of removal was error and remanded for further proceedings. And then finally, in the Arousal Court case, I'll give you that cite, which is 159 F. 3rd, 429. Again, the court considered the BAI opinion in that case to lack the sufficient detailed discussion of the evidence that it considered and weighed and failed to provide a reasoned decision. In this case, all the BIA did was recognize that statements were made but did not consider the evidence that Mr. Surigar presented to it and did not provide a reasoned decision as to why the change of circumstances in the case were not sufficient to establish grounds for reopening. Thank you, Your Honor. Thank you. I'd like to thank both of you for your argument, and we would also like to thank you for doing the pro bono work here. The court relies upon the gracious service of lawyers in the community to take on cases pro bono to assist the court in resolving legal issues. And thank you for that. Thank you, Your Honor.
judges: Canby, Thompson, Callahan